## HEINTZ MFG. CO. v. LOCAL NO. 515 OF UNITED AUTOMOBILE WORKERS et al.

### No. 9781.

District Court, E. D. Pennsylvania.
July 30, 1937.

Ira Jewell Williams, of Philadelphia, Pa., for plaintiff.

Saul C. Waldbaum, of Philadelphia, Pa., for defendants.

KIRKPATRICK, District Judge.

Section 7 (e) of the Norris-LaGuardia Act (29 U.S.C.A. § 107 (e) prescribes that no court of the United States shall have jurisdiction to issue an injunction in a case growing out of a labor dispute unless the court can first find upon competent evidence that the public officers charged with the duty to protect the complainant's property are unable or unwilling to furnish adequate protection. The evidence offered upon this point shows that the defendants maintained a picket line at the plaintiff's plant with varying numbers of persons in it, the maximum number being between 200 and 250 persons and the peak occurring at the times when the working force would normally arrive at and leave the plant. The evidence also shows that the police authorities of the city of Philadelphia have maintained continuously a force of police officers at the plant varying in numbers from fifteen to fifty or sixty, presumably to correspond with the increase and decrease in the number of pickets. There is no evidence to show that any violence has taken place at the plant or picket lines or that any person wishing to enter the plant has been physically prevented from doing so. At times, when necessary to prevent physical contacts, the police have made the pickets stand aside in order to permit persons to enter the plant. There is no suggestion that there has been any resistance to the police or any defiance of or interference with their maintenance of order.

The evidence shows that on occasions opprobrious epithets and insults have been shouted by the pickets at men who entered the plant. There is one case in which a man was pushed or jostled. So far as I can see, the police are in entire control of the situation and order is being maintained.

Plaintiff bases his case upon the refusal of the Mayor of Philadelphia to order the police to drive away all but a few pickets, arguing that the mere presence of an unnecessarily large number results in intimidation of the employees who wish to work, and that his business property is thereby being irreparably injured.

I cannot agree that this refusal is sufficient to give this court jurisdiction under the Norris-LaGuardia Act (29 U.S.C.A. § 101 et seq.). That Act of Congress was based upon a recognition of the fact that the preservation of order and the protection of property in labor disputes is in the first instance a police problem; belonging to the executive rather than the judicial side of the government, and its whole intent and purpose was to remove the courts from that field, except in cases where the peace

authorities failed or refused to act. Where all the evidence shows that the police authorities are maintaining at all times at this plant a force of officers sufficient to preserve order, to protect the property, and to allow all persons who wish to enter or leave to do so without physical interference, I cannot make the necessary finding that those authorities are unable or unwilling to furnish adequate protection.

There was considerable evidence offered which established that numerous acts of violence, including assaults upon and threats against men working at the plant, have taken place in their homes and at places other than the plant itself. The plaintiff has not seriously argued that it has been shown that these acts were committed by any of the defendants or that any of the defendants authorized or ratified them after knowledge that they had taken place. Section 7 (a) of the Norris-La-Guardia Act (29 U.S.C.A. § 107 (a) provides that, "No injunction or temporary restraining order shall be issued on account of any threat or unlawful act excepting against the person or persons, association, or organization making the threat or committing the unlawful act or actually authorizing or ratifying the same after actual knowledge thereof."

This eliminates these cases from the issue now before the court and reduces it to the simple question of police protection at the plant which has already been discussed.

The motion for a temporary injunction is denied.